**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO.** 3:23CV-107-RGJ

**COMMUNITY ASSOCIATION UNDERWRITERS**
**OF AMERICA, INC.**                                                                  **PLAINTIFF**
**2 Caufield Place**
**Newtown, PA  18940**

v.

**TECHTRONIC INDUSTRIES POWER EQUIPMENT**                         **DEFENDANTS**
**100 Innovation Way**
**Anderson, SC  29621**

   **SERVE VIA CERTIFIED MAIL**
   **RETURN RECEIPT REQUESTED**

and

**SAMSUNG ELECTRONICS AMERICA, INC.**
**85 Challenger Road**
**Ridgefield P ark, NJ  07660**

   **SERVE VIA CERTIFIED MAIL**
   **RETURN RECEIPT REQUESTED**

## COMPLAINT

Plaintiff, Community Association Underwriters of America, Inc., as subrogee of Council of Co-Owners of The Springs of Glenmary Village ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendants, Techtronic Industries Power Equipment and Samsung Electronics America, Inc. ("Defendants"), complaining against them as follows:

### PARTIES

1. Plaintiff is a California corporation with its principal place of business at the above-captioned address.

1

2. At all relevant times, Plaintiff was authorized to provide in Kentucky the insurance policy described herein.

3. At all relevant times, Plaintiff provided an in-force policy for property *(inter alia)* insurance to Council of Co-Owners of The Springs of Glenmary Village ("subrogor") in connection with *(inter alia)* the property at 10511 Clyde Moore Boulevard in Louisville, Kentucky ("subject property").

4. Upon information and belief, Defendant Techtronic Industries Power Equipment ("Techtronic") was at all relevant times a South Carolina company organized and existing under the laws of South Carolina, with its principal place of business at the above-captioned address.

5. Upon information and belief, Techtronic was at all relevant times in the business of designing, manufacturing, assembling, inspecting, testing, distributing, marketing and/or selling *(inter alia)* battery-powered tools branded as "Rigid," including the drill at issue in this case

6. Upon information and belief, Defendant Samsung Electronics America, Inc. ("Samsung") was at all relevant times a New Jersey corporation with its principal place of business at the above-captioned address.

7. Upon information and belief, Samsung was at all relevant times in the business of designing, manufacturing, assembling, inspecting, marketing, selling and/or distributing lithium-ion batteries, such as the one used in the Rigid-brand drill at issue in this case.

## JURISDICTION

8. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

10. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

11. Prior to July 8, 2019, the occupant of the subject property purchased a Rigid-brand drill, including a Samsung-brand lithium battery, for use at the subject property ("subject drill and/or battery"); the subject drill, including the Samsung battery, had been designed, manufactured, assembled, distributed, marketed and/or sold by Techtronic.

12. On or about July 8, 2019, the subject drill and/or battery malfunctioned and failed catastrophically; this resulted in a fire that caused substantial damage to the subject property.

13. As a direct and proximate result of Defendants' unlawful acts and/or omissions as described herein, subrogor sustained the damages described herein in an amount in excess of $1,000,000.00.

## COUNT I – STRICT LIABILITY V. TECHTRONIC

14. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

15. Techtronic is engaged, and at all times relevant hereto was engaged, in the business of designing, manufacturing, assembling, marketing, distributing, and/or selling, *inter alia*, products such as the subject drill along with the subject battery.

16. Techtronic designed, manufactured, assembled, marketed, distributed, and/or sold the subject drill and battery in a defective condition, unreasonably dangerous to foreseeable users and property owners, including subrogor.

17. Techtronic knew or should have known that the subject drill and battery would reach occupant of the subject property without substantial change in the condition in which it was sold.

18. The subject drill and battery did reach the occupant of the subject property without substantial change from the condition in which sold.

19. The aforementioned defects consisted of:

    a. design defects;
    b. manufacturing defects;
    c. component defects;
    d. a failure to warn of the design, manufacturing and/or component defects;
    e. a failure to properly instruct as to the appropriate operating and maintenance procedures for safe use of the subject drill and battery.

20. As a direct and proximate result of the aforementioned defects, subrogor sustained damages to the subject property, as well as the imposition of additional expenses and hardships besides; Plaintiff paid for such damages pursuant to the aforementioned policy, thereby becoming subrogated to the recovery sought in this action.

21. For these reasons, Techtronic is strictly liable to Plaintiff for its subrogated damages under applicable law.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Techtronic – jointly, severally, and/or in the alternative with Samsung – in an amount in excess of $1,000,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, pre-judgment interest, punitive damages and such other relief as the Court deems appropriate under the circumstances.

### **COUNT II – NEGLIGENCE V. TECHTRONIC**

22. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

23. The aforementioned damages were the direct and proximate result of Techtronic's negligence and failure to meet the applicable standard of care – itself and/or by and through its employees, agents, technicians, vendors, subcontractors, component suppliers, and/or servants – as is more specifically described below:

   a. failing to exercise reasonable care by …

      i. failing to manufacture, assemble, sell, design, distribute and/or market a properly functioning drill and/or battery (including their component parts);

      ii. failing to properly inspect, test and/or analyze the subject drill and/or battery (including their component parts);

      iii. failing to properly determine that the drill and/or battery (including their component parts) were not in compliance with applicable standards and safety features;

      iv. failing to create and provide safe and adequate warnings or instructions with the drill and/or battery (including their component parts); and/or

      v. designing, manufacturing, marketing, distributing and/or selling the subject drill and/or battery (including their component parts) when Techtronic knew or should have known that they and/or their component parts would be inadequate for the reasons for which purchased.

    b.    failing to adequately instruct, supervise and/or train servants, suppliers, employees and/or agents as to the proper ways to perform the tasks described in subparagraph (a);

    c.    failing to adequately warn subrogor and others of the dangers and hazardous conditions resulting from the negligence described in subparagraph (a) above;

    d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a) above;

    e.    failing to properly monitor the work of all agents, suppliers, and/or employees during the performance of the tasks described in subparagraph (a) above to ensure compliance with applicable safety procedures;

    f.    failing to retain competent, qualified and/or able agents, suppliers, employees and/or servants to perform the tasks described in subparagraph (a) above;

    g.    failing to perform the tasks described in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

    h.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Techtronics's undertakings in connection with the subject drill and/or battery (including their component parts).

24. As a direct and proximate result of the aforementioned negligence, subrogor sustained damages to its property, as well as the imposition of additional hardships and expenses besides; Plaintiff paid for such damages pursuant to the aforementioned policy, thereby becoming subrogated to the recovery sought in this action.

25. For these reasons, Techtronic is liable to Plaintiff for its damages under applicable law.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Techtronic – jointly, severally, and/or in the alternative with Samsung – in an amount in excess of $1,000,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, pre-judgment interest, punitive damages and such other relief as the Court deems appropriate under the circumstances.

## **COUNT III – BREACH OF WARRANTIES V. TECHTRONIC**

26. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

27. At the time of the sale and/or distribution of the subject drill and/or battery (including their component parts), Techtronic had reason to know the particular purpose to which they would be used (i.e. residential application), and that it was being relied upon to furnish a suitable product.

28. In light of the negligence, breaches, failures and harms alleged herein, Techtronic breached the implied warranties of fitness for a particular purpose in that the subject drill and/or battery (including their component parts) were not fit for the particular purpose for which such products are required under normal operation.

29. In addition, Techtronic breached its implied warranty of merchantability in the subject drill and/or battery (including their component parts) were not fit for the ordinary uses for which they were used.

30. Techtronic also breached any and all express warranties made or relating to the subject drill and/or battery (including their component parts) that became part of the basis of the bargain for sale thereof.

31. Techtronic has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiff's inability to attach them hereto.

32. Subrogor's damages as described herein occurred as a direct and proximate result of the breach(es) by Techtronic of its implied and express warranties.

33. Subrogor has met any and all conditions precedent to recovery for such breaches.

34. As a direct and proximate result of the aforementioned breaches, subrogor sustained damages to its property, as well as the imposition of additional expenses and hardships besides; Plaintiff paid for such damages pursuant to the aforementioned policy, thereby becoming subrogated to the recovery sought in this action.

35. For these reasons, Techtronic is liable to Plaintiff for its damages under applicable law.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Techtronic – jointly, severally, and/or in the alternative with Samsung – in an amount in excess of $1,000,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, pre-judgment interest, punitive damages and such other relief as the Court deems appropriate under the circumstances.

### COUNT IV – STRICT LIABILITY V. SAMSUNG

36. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

37. Samsung is engaged, and at all relevant times was engaged, in the business of designing, manufacturing, assembling, marketing, distributing, and/or selling, *inter alia*, products such as the subject drill's battery.

38. Samsung designed, manufactured, assembled, marketed, distributed, and/or sold said battery in a defective condition, unreasonably dangerous to foreseeable users and property owners, including subrogor.

39. Samsung knew or should have known that the battery would reach occupant of the subject property without substantial change from the condition in which it was sold.

8

40. The battery reached occupant of the subject property without substantial change from the condition in which sold.

41. The aforementioned defects consisted of:

    a. design defects;
    b. manufacturing defects;
    c. component defects;
    d. a failure to warn of the design, manufacturing and/or component defects;
    e. a failure to properly instruct as to the appropriate operating and maintenance procedures for safe use of the battery in conjunction with the product.

42. As a direct and proximate result of the aforementioned defects, subrogor sustained damages to its property, as well as the imposition of additional expenses besides; Plaintiff paid for such damages pursuant to the aforementioned policy, thereby becoming subrogated to the recovery sought in this action.

43. For these reasons, Samsung is strictly liable to Plaintiff for its damages under applicable law.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Samsung – jointly, severally, and/or in the alternative with Techtronic – in an amount in excess of $1,000,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, pre-judgment interest, punitive damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT V – NEGLIGENCE V. SAMSUNG

44. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

45. The aforementioned damages were the direct and proximate result of Samsung's negligence and failure to meet the applicable standard of care – itself and/or by

and through its employees, agents, technicians, vendors, suppliers, subcontractors, and/or servants – as is more specifically described below:

    a.    failing to exercise reasonable care by …

        i.    failing to manufacture, assemble, sell, design, distribute and/or market a properly functioning drill and/or battery (including their component parts);

        ii.    failing to properly inspect, test and/or analyze the subject drill and/or battery (including their component parts);

        iii.    failing to properly determine that the drill and/or battery (including their component parts) were not in compliance with applicable standards and safety features;

        iv.    failing to create and provide safe and adequate warnings or instructions with the drill and/or battery (including their component parts); and/or

        v.    designing, manufacturing, marketing, distributing and/or selling the subject drill and/or battery (including their component parts) when Techtronic knew or should have known that they and/or their component parts would be inadequate for the reasons for which purchased.

    b.    failing to adequately instruct, supervise and/or train servants, suppliers, employees and/or agents as to the proper ways to perform the tasks described in subparagraph (a);

    c.    failing to adequately warn subrogor and others of the dangers and hazardous conditions resulting from the negligence described in subparagraph (a) above;

    d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a) above;

    e.    failing to properly monitor the work of all agents, suppliers, and/or employees during the performance of the tasks described in subparagraph (a) above to ensure compliance with applicable safety procedures;

    f.    failing to retain competent, qualified and/or able agents, suppliers, employees and/or servants to perform the tasks described in subparagraph (a) above;

    g.    failing to perform the tasks described in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

    h.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to Samsung's

undertakings in connection with the subject drill and/or battery (including their component parts).

46. As a direct and proximate result of the aforementioned negligence, subrogor sustained damages to its property, as well as the imposition of additional hardship and expenses besides; Plaintiff paid for such damages pursuant to the aforementioned policy, thereby becoming subrogated to the recovery sought in this action.

47. For these reasons, Samsung is strictly liable to Plaintiff for its damages under applicable law.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Samsung – jointly, severally, and/or in the alternative with Techtronic – in an amount in excess of $1,000,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, pre-judgment interest, punitive damages and such other relief as the Court deems appropriate under the circumstances.

## COUNT VI – BREACH OF WARRANTIES V. SAMSUNG

48. Plaintiff incorporates by reference the preceding averments as though set forth at length here.

49. At the time of the sale and/or distribution of the battery, including its component parts, Samsung had reason to know the particular purpose to which it would be used (i.e. residential application), and that it was being relied upon to furnish a suitable product.

50. In light of the negligence, breaches, failures and harms alleged herein, Samsung breached the implied warranties of fitness for a particular purpose in that the battery, including its component parts, was not fit for the particular purpose for which such products are required under normal operation.

51. In addition, Samsung breached its implied warranty of merchantability in that the battery, including its component parts, was not fit for the ordinary uses for which it was used.

52. Samsung also breached any and all express warranties made or relating to the battery, including its component parts, that became part of the basis of the bargain for sale thereof.

53. Samsung has better access to all written forms of said warranties and therefore is not prejudiced by Plaintiff's inability to attach them hereto.

54. Subrogor's damages as described herein occurred as a direct and proximate result of the breach(es) by Samsung of its implied and express warranties.

55. Subrogor has met any and all conditions precedent to recovery for such breaches.

56. As a direct and proximate result of the aforementioned breaches, subrogor sustained damages to its property, as well as the imposition of additional expenses and hardships besides; Plaintiff paid for such damages pursuant to the aforementioned policy, thereby becoming subrogated to the recovery sought in this action.

57. For these reasons, Samsung is liable to Plaintiff for its damages under applicable law.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Samsung – jointly, severally, and/or in the alternative with Techtronic – in an amount in excess of $1,000,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, pre-judgment interest, punitive damages and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

***/s/ Olivia F. Amlung*** 
Daniel E. Linneman, Esq. (#91695)
Olivia F. Amlung, Esq. (#98606)
ADAMS LAW, PLLC
40 W. Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
dlinneman@adamsattorneys.com
oamlong@adamsattorneys.com

*Attorney for Plaintiff, Community Association Underwriters of America, Inc.*

2772974.1