UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COMMUNITY ASSOCIATION OF                                                    Plaintiff
UNDERWRITERS OF AMERICA, INC.,

v.                                                         Civil Action No. 3:23-cv-107-RGJ

TTI CONSUMER POWER TOOLS, INC.;                                          Defendants
SAMSUNG SDI AMERICA, INC.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Community Association Underwriters of America, Inc. ("CAU"), filed a second amended complaint against Defendants, Techtronic Industries Consumer Power Tools, Inc. ("TTI") and Samsung SDI America, Inc. ("Samsung"), seeking damages against each for (1) strict liability, (2) negligence, and (3) breach of warranties. [DE 16]. TTI and Samsung filed separate motions to dismiss. [DE 18-1; DE 24-1]. CAU filed a response to each. [DE 29; DE 30]. TTI and Samsung replied. [DE 34; DE 35]. This motion is ripe for adjudication. For the reasons below, TTI's motion to dismiss is **GRANTED** and Samsung's motion to dismiss is **GRANTED**.

**I.      TTI's Motion to Dismiss**

TTI moves to dismiss all three of CAU's claims against it. [DE 24-1 at 121]. As to Counts I and II, TTI argues the claims are time-barred by a one-year statute of limitations. [*Id.* at 123–24]. As to Count III, TTI argues that CAU fails to state a claim because the complaint (1) does not allege privity between CAU and the seller and (2) does not identify a date when the drill was bought. [*Id.* at 124–26]. CAU argues in response that a five-year statute of limitations applies to Counts I and II and that the Council of Co-Owners, as CAU's subrogor, does have privity of contract to bring a warranty claim. [DE 30 at 199–203].

1

### A. Standard

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotations omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claim[s] made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### B. Counts I and II

"In Kentucky, product liability actions are governed by the Kentucky Product Liability Act ('KPLA')." *Prather v. Abbott Lab'ys*, 960 F. Supp. 2d 700, 705 (W.D. Ky. 2013). While the KPLA itself does not provide a specific statute of limitations for product liability claims, "[i]n Kentucky, product liability claims, whether based on negligence or strict liability, are governed by KRS § 413.140(1)'s one-year statute of limitations." *Zachry Indus., Inc. v. Siemens Energy, Inc.*, No. 3:18-CV-579, 2021 WL 3576696, at *7 (W.D. Ky. Aug. 12, 2021); *see also Mills v. Johnson & Johnson*, No. CV 6:19-248-KKC, 2021 WL 1062541, at *5 (E.D. Ky. Mar. 19, 2021); *Richardson v. Rose Transp., Inc.*, 617 F. App'x 480, 484 (6th Cir. 2015); *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010), *Hogan v. Goodrich Corp.*, No. CIV. A. 05-159-C, 2006 WL 149011, at *4 (W.D. Ky. Jan. 17, 2006).

CAU does not address any of the cases above cited by TTI. Instead, CAU argues that a five-year statute of limitations should apply. [DE 30 at 199–201]. But the cases cited by CAU for this proposition do not apply here because they do not deal with products liability. [*See* DE 30 at 200 (citing *Commonwealth, Dep't of Highways v. Ratliff*, 392 S.W.2d 913 (Ky. 1965))]. Instead, Counts I and II of CAU's complaint are governed by the applicable one-year statute of limitations.

The complaint alleges the fire occurred on July 8, 2019, and the complaint was filed in 2023. [DE 16 at 70; DE 1]. Because this exceeds the one-year statute of limitations, TTI's motion to dismiss Count I and II against it is **GRANTED**.

### C. Count III

Claims for breach of express and implied warranties are controlled by KRS § 355.2-725 and "may proceed only where there is privity between the parties." *Waterfill v. Nat'l Molding Corp.*, 215 F. App'x 402, 405 (6th Cir.2007). "Privity of contract" means "a 'seller's' warranty

protections are only afforded to 'his buyer.'" *Childress v. Interstate Battery Sys. of Am., Inc.*, CIV.A 109CV54M, 2010 WL 600023, at *5 (W.D. Ky. Feb. 18, 2010) (quoting *Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006)).

TTI argues that because the drill was purchased by an occupant of the property, [DE 16 at 70], and "*not* the Council of Co-Owners," CAU has failed to plead privity between the Council of Co-Owners (the subrogor) and TTI.[1] [DE 24-1 at 125 (emphasis in original)]. The Court agrees. CAU responds that KRS § 355.2-318 extends privity to the Council of Co-Owners as an "intended beneficiary of the warranties." [DE 30 at 202]. But the plain language of that statute forecloses this possibility, extending a seller's warranty to "any natural person" in the "family or household" of the buyer. [DE 30 at 202 (quoting the statute)]. CAU is not a natural person, and so *Waterfill* and *Childress* control. Under that precedent, the Council of Co-Owners was not in privity with TTI because it did not purchase the drill, and so it was not a "buyer" with warranty protections. *Childress*, 2010 WL 600023, at *5.

CAU has not plead any facts alleging it or its subrogor were in privity with TTI. Accordingly, TTI's motion to dismiss Count III against it is **GRANTED**.

## II. Samsung's Motion to Dismiss

In its motion to dismiss, Samsung argues that CAU cannot establish specific personal jurisdiction (1) under Kentucky's long-arm statute or (2) consistent with federal due process. [DE 18-1 at 94–97]. CAU responds that this Court does have personal jurisdiction because (1) Samsung's "entrenchment of the market" brings it under Kentucky's long-arm statute and (2)

---

[1] TTI also argues that CAU did not sufficiently plead this claim because CAU's allegation that the drill was purchased "[p]rior to July 8, 2019," [DE 16 at 70], is nothing more than a "bare assertion." [DE 24-1 at 125–26 (quoting *Total Benefits*, 552 F.3d at 434)]. The Court is not convinced that this is grounds to dismiss because it can reasonably infer based on this assertion that the claim is not barred by the statute of limitations. *Total Benefits*, 552 F.3d. at 434.

Samsung sells its products "across the USA," and so "there is no due process infringement." [DE 29 at 148–51]. Alternatively, "[i]n the event that the court finds no specific jurisdiction," CAU requests a "jurisdictional discovery period." [*Id.* at 151]. Samsung replies that CAU does not provide any evidence "supporting specific personal jurisdiction" and has not "established any facts connecting [Samsung] to Kentucky or [CAU's] claims." [DE 34 at 215, 218].

### A. Standard

Presented with a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, the Court may (1) rule on the motion based on the pleadings and affidavits alone, (2) permit discovery on the motion, or (3) hold an evidentiary hearing on the motion. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citing *Serras v. First Tenn. Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). No party has requested an evidentiary hearing, but CAU has requested a brief discovery period on personal jurisdiction if the Court finds it is lacking at this stage in the litigation. [DE 29 at 151].

Once a defendant challenges personal jurisdiction, the burden is on the plaintiff to show that jurisdiction is proper. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). To do so, the plaintiff "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts" showing the Court's jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When the Court resolves a Rule 12(b)(2) motion solely on written submissions, the plaintiff's burden is "relatively slight, and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists to defeat dismissal." *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Theunissen*, 935 F.2d at 1458; *AM. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)) (internal quotation marks omitted). The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts

between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)) (internal quotation marks omitted). In resolving a motion to dismiss under Rule 12(b)(2), the Court must view the pleadings and affidavits in a light most favorable to the plaintiff and should not "weigh the controverting assertions of the party seeking dismissal." *Air Prod.*, 503 F.3d at 549 (quoting *Theunissen*, 935 F.2d at 1459) (internal quotation marks omitted).

Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction can either be specific or general depending on the type of minimum contacts in a case. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir.1994). General jurisdiction depends on continuous and systematic contact with the forum state, so that the courts may exercise jurisdiction over any claims a plaintiff may bring against the defendant. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir.1997). Specific jurisdiction, on the other hand, grants jurisdiction only when a claim arises out of or relates to a defendant's contacts in the forum state. *Id.* In this case, CAU does not contend that it has general jurisdiction. [DE 29 at 148].

For specific jurisdiction to exist in a diversity action, federal courts must look to the law of the forum state to determine the personal jurisdiction over parties, subject to constitutional due process requirements. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 909 (6th Cir. 1988). Kentucky's long-arm statute is codified in KRS § 454.210. Under current Kentucky law, to exercise personal jurisdiction over non-resident defendants, courts must follow a two-step analysis

6

which first determines whether "the cause of action arises from conduct or activity of the defendant that fits into one of the [long-arm] statute's enumerated categories." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). Kentucky's Supreme Court has further held that the phrase "arising from" in the long-arm statute should be interpreted to mean that the "cause of action must have originated from, or came into being, as a result of" the defendant's activities which fit into the categories listed in KRS § 454.210. *Id.* at 58.

Thus, even when the defendant's conduct falls within one of the enumerated categories in the long-arm statute, the plaintiff's claim still must arise from that conduct for personal jurisdiction to exist. *Id.* at 58–59 ("[T]he wrongful acts of the defendant alleged in the plaintiff's complaint must originate from the actions or activities that form the applicable statutory predicate for assertion of long-arm jurisdiction."). Only when a court has determined that the defendant's activities fit into one of the nine categories listed in KRS § 454.210 should the court proceed to the second step of determining whether the exercise of personal jurisdiction would offend the defendant's federal due process rights. *Id.* at 57; *see, e.g., KFC Corp. v. Wagstaff*, 502 B.R. 484, 495 (W.D. Ky. 2013) (applying the two-step analysis described in *Caesars Riverboat Casino* by first determining whether the cause of action "arises from" conduct or activity fitting into one of the nine enumerated activities in KRS 454.210, and then considering whether exercising personal jurisdiction was proper under a federal due process analysis).

If, however, the defendant's activities do not fit into one of the statute's enumerated categories, "then in personam jurisdiction may not be exercised," and the inquiry ends. *Caesars Riverboat Casino*, 336 S.W. 3d at 57; *see, e.g., Luvata Electrofin, Inc. v. Metal Processing Intern.*, LP, 2013 WL 3961226, at *3 (W.D. Ky. Sept. 10, 2012) (explaining that the court will turn to the constitutional due process inquiry only if it first finds that it can exercise personal jurisdiction over

7

defendants under Kentucky's long-arm statute); *Bondurant v. St. Thomas Hosp.*, 366 S.W. 3d 481, 486 (Ky. App. 2011) (citing *Caesars Riverboat Casino*, 336 S.W.3d at 57, in support of court's decision that because personal jurisdiction could not be exercised under KRS § 454.210, no analysis of federal due process requirements for exercise of personal jurisdiction was necessary). Thus, there may be situations in which the defendant's activities or contacts with the forum state may be enough to satisfy jurisdiction for purposes of constitutional due process, but still not be permitted by Kentucky's long-arm statute. *Citizens Nat. Bank of Paintsville v. MCNB Bank and Tr. Co.*, 2013 WL 3894996, at *2 (E.D. Ky. July 26, 2013).

### B. Discussion

The Court first considers whether personal jurisdiction exists under Kentucky's long-arm statute. In its motion to dismiss, Samsung argues that CAU does not "identify any subsection" of KRS § 454.210 that would allow this Court to exercise personal jurisdiction over it. [DE 18-1 at 94]. For good measure, Samsung preemptively explains in more detail that CAU cannot establish jurisdiction under subsection (2)(a)(3), (2)(a)(4), or (2)(a)(5). [*Id.* at 94–96]. Each of these arguments is supported by Carolyn Sawson's affidavit, which generally asserts that "SDIA does not regularly do or solicit business, engage in any persistent course of conduct, or derive substantial revenue from *any* business within Kentucky." [*Id.* at 95 (citing DE 18-2) (emphasis in original)]. In its response, CAU identifies subsection (2)(a)(4) and (2)(a)(5) as conferring jurisdiction under KRS § 454.210. [DE 29 at 150]. Subsection (2)(a)(4) and (2)(a)(5) provide:

> (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
> . . .
>
> (4) Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious

> injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;
>
> (5) Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth[.]

KRS § 454.210. The Court addresses each in turn.

### i.     Subsection (2)(a)(4)

Subsection (2)(a)(4) requires that the injury "arise out of" Samsung "regularly do[ing] or solicit[ing] business," "engag[ing] in any other persistent course of conduct," or "deriv[ing] substantial revenue from goods used or consumed or services rendered" in Kentucky. Samsung maintains that Sawson's affidavit forecloses any of these possibilities, [DE 18-1 at 95], and that CAU has "not provided any affidavits or other documentary proof establishing . . . a connection between [Samsung], Kentucky, and its claims[.]" [DE 34 at 215 (emphasis omitted)].

CAU's exhibits do not dispute Sawson's affidavit or allege any facts connecting Samsung to Kentucky. CAU's Exhibit A, a screenshot of Samsung SDI's website, merely describes Samsung's batteries and creates no connection to Kentucky. [DE 29-1 at 154]. CAU's Exhibit B, a Korean news article, stands for the general proposition that Samsung is a global leader in power tool batteries and holds a significant share of the market. [DE 29-2 at 156]. But again, this does not establish any *specific* connection to Kentucky, only that Samsung sells a significant number of batteries worldwide. CAU's Exhibit C, a Westlaw public records search, lists several lawsuits involving Samsung across the United States, but notably lists none within Kentucky (except for

9

this case).[2] [DE 29-3 164–81]. Exhibit C also lists business addresses and names of company executives, but these do not establish a connection to Kentucky either. [*See* DE 29-3]. CAU's Exhibit D, a screenshot from the Kentucky Secretary of State's website, shows a profile of "Samsung Electronics America, Inc." [DE 29-5 at 194]. As Samsung points out in its reply, this is a "separate and distinct legal entity . . . incorporated in New York and headquartered in New Jersey." [DE 34 at 216]. That "the boards of both Samsung corporations appear to have overlap," as CAU argues, does not confer personal jurisdiction. [DE 29 at 147]. None of these exhibits support personal jurisdiction under Kentucky's long-arm statute because they do not show the injury "originate[d] from [Samsung's] actions or activities that form the applicable statutory predicate for assertion of long-arm jurisdiction." *Caesars Riverboat Casino*, 336 S.W.3d at 59.

### ii. Subsection (2)(a)(5)

Subsection (2)(a)(5) similarly cannot confer personal jurisdiction because it requires Samsung to be involved in the "sale of goods." As Samsung argues, and CAU does not dispute, they do "not sell goods." [DE 18-1 at 96]. The complaint alleges that Samsung makes the batteries used in the TTI "Rigid" drills but alleges that TTI actually sold the drills. [DE 16 at 69]. Even if Samsung did sell goods and CAU could show it "knew" they would be used by, consumed by, or affect a person in Kentucky, for the same reasons stated above, CAU has not shown that Samsung

---

[2] The attached Westlaw search lists over one hundred cases from various federal district courts and state courts. Some of these cases do deal with products liability, but many deal with other types of claims, such as antitrust. CAU points the Court to no particular case that would support personal jurisdiction here. Showing that Samsung is "entrenched" in the market—as this list is offered to do [DE 29 147]—may be somewhat probative of *general* jurisdiction by demonstrating that because Samsungs' contacts with the entire United States are so continuous and systematic, it is likely to be "essentially at home" in Kentucky. *Daimler AG v. Bauman*, 571 U.S. 117, 749 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). But CAU only argues this Court has *specific* personal jurisdiction over its claims. [DE 29 at 148]. Even if courts in these cases found specific personal jurisdiction over a similar claim, that would (1) not involve any analysis of Kentucky's long-arm statute, which is narrower than federal due process requirements, and (2) not evaluate any *specific* contacts Samsung has with Kentucky for personal jurisdiction. As a result, the mere existence of these cases in other courts around the country does not provide any basis for specific personal jurisdiction in *Kentucky*.

"regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth," as required by (2)(a)(5).  KRS § 454.210.

As a result, CAU has failed to allege "specific facts," *Theunissen*, 935 F.2d at 1458, to make a "*prima facie* showing that personal jurisdiction exists" under the Kentucky long-arm statute.  *Air Prod.*, 503 F.3d at 549 (citations and internal quotations omitted).  Because CAU has failed at step one of the "two-step process," personal jurisdiction "may not be exercised" and the Court need not consider federal due process under step two.  *Caesars Riverboat Casino*, 336 S.W.3d at 57.

### iii. Requested Discovery Period

CAU argues in the alternative, if the Court does not determine it has personal jurisdiction over Samsung, that it should grant CAU a "jurisdictional discovery period regarding [Samsung's] market saturation in the United States, including Kentucky."  [DE 29 at 151].  CAU asserts that doing so is "discretionary, but encouraged."  [*Id.*].  Samsung argues in response that CAU's request is "bereft of any affirmative showing of a reasonable basis for the discovery."  [DE 34 at 219].

"[T]he decision whether to grant discovery or an evidentiary hearing before ruling on a 12(b)(2) motion is discretionary."  *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n. 7 (6th Cir.2005)); *see also Theunissen*, 935 F.2d at 1465 ("[T]he scope of discovery is a matter committed to the district court's sound discretion, and district court rulings on discovery matters are subject to reversal only for abuse of that discretion.").  But "[a] plaintiff is not entitled to discovery if [they] cannot, at a minimum, offer any factual basis for [their] allegations and give the district court a reasonable basis to expect that . . . discovery would reveal evidence that supports the claimed

jurisdiction." *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (citation and internal quotations omitted); *see also Booth v. Verity, Inc.*, 124 F. Supp. 2d 452, 457 (W.D. Ky. 2000) ("Where there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction it is not an abuse of discretion to deny discovery.") (citation omitted).

CAU believes that it can obtain discovery revealing "how [Samsung's] lithium-ion batteries enter the stream of commerce in Kentucky." [DE 29 at 151]. At best, CAU has asserted facts that suggest Samsung enjoys a significant share of the global power tool battery market, but that does not necessarily suggest a connection to Kentucky. [*See* DE 29-2]. Even reading these facts in the light most favorable to CAU, there is not enough for the Court to conclude it has a reasonable basis to expect that discovery will reveal personal jurisdiction over Samsung under subsection (2)(a)(4) or (2)(a)(5) of Kentucky's long-arm statute. KRS § 454.210. Accordingly, Samsung's motion to dismiss is **GRANTED**.

### III.  Conclusion

For the reasons stated above, and the Court being otherwise sufficiently advised, it is **ORDERED** that:

1. TTI's motion to dismiss [DE 24-1] is **GRANTED**, and CAU's complaint against TTI [DE 16] is **DISMISSED**.

2. Samsung's motion to dismiss [DE 18-1] is **GRANTED**, and CAU's complaint against Samsung [DE 16] is **DISMISSED**.

cc: counsel of record